J-S54040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY TUSWEET SMITH | : | |
| | : | |
| Appellant | : | No. 382 WDA 2017 |

Appeal from the PCRA Order February 10, 2017
In the Court of Common Pleas of Beaver County
Criminal Division at No(s):  CP-04-CR-0000147-2005,
CP-04-CR-0000967-2001, CP-04-CR-0001148-2005,
CP-04-CR-0001151-2005

BEFORE:   OTT, MOULTON, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED SEPTEMBER 14, 2017**

Appellant, Anthony Tusweet Smith, appeals *pro se* from the order entered in the Beaver County Court of Common Pleas dismissing his fifth Post Conviction Relief Act[1] ("PCRA") petition as untimely.  Appellant claims that governmental interference precluded him from obtaining exculpatory evidence.  We affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

We adopt the facts and procedural history set forth by the PCRA court's opinions.[2] **See** PCRA Ct. Op., 12/13/16, at 1-2;[3] PCRA Ct. Op., 2/10/17, at 1. Appellant raises the following issues for review:

> I. Whether Title 42 Pa.C.S.A. § 9545(b)(1)(i)(ii)(2) provides remedy for PSP denial of subpoena for exculpatory PSP-PRI's[4] & PSP-GIR's[5] in violation of the demand rights of Pennsylvania Constitution Article I § 9, informed rights of united states constitution amendment VI and due process rights of United States Constitution Amendment XIV?
>
> II. Whether the time constraint of title 42 Pa.C.S.A. § 9545 (b)(2) ignores the time attributed to the continuing non-disclosure of exculpatory PSP-PRI's & PSP-GIR's denying [Appellant] opportunity of subpoena in violation of Pennsylvania and U.S. constitutions?
>
> III. Whether an evidentiary hearing is required to substantiate partial PSP-PRI's were provided to trial counsel that propelled the presentation of evidence from PSP case(s) other than [Appellant's]?
>
> IV. Whether judgment of sentence violates Pennsylvania and United States constitutions where prosecutors arrest

_____

[2] We note the PCRA court's Pa.R.Crim.P. 907(1) opinion states, in the first paragraph, that the instant PCRA petition is Appellant's fourth. However, as recognized by the PCRA court, on page two of its opinion, the instant PCRA petition represents Appellant's fifth petition.

[3] The PCRA court filed a Pa.R.A.P. 1925(a) opinion on April 4, 2017 wherein the court specifically incorporated the reasoning set forth in its December 13, 2016 Rule 907 opinion and order and its February 10, 2017 final opinion and order.

[4] "PSP-PRI" refers to Pennsylvania State Police-Property Record of Incident.

[5] "PSP-GIR" refers to Pennsylvania State Police-General Investigation Report.

and imprison [Appellant] through the use of a false report, testimony & evidence that has undermined the truth determining factors of the trial court and all previous counsel?

Appellant's Brief at 4.

After careful consideration of Appellant's brief, the record, and the decisions of the PCRA court, we affirm on the basis of the PCRA court's opinions. *See* PCRA Ct. Op., 12/13/16 at 3-6; PCRA Ct. Op., 2/10/17, at 1-3 (holding that the PCRA court lacked jurisdiction to review the merits of Appellant's petition where Appellant's fifth PCRA petition is facially untimely and he failed to plead and prove any of the statutory exceptions to the PCRA's time bar). Accordingly, we affirm the PCRA court's dismissal of Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/14/2017

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY

PENNSYLVANIA

CRIMINAL DIVISION—LAW

COMMONWEALTH OF
PENNSYLVANIA

          vs.

ANTHONY TUSWEET SMITH

:
:
:
:
:
:
:
:
:
:
:
:
:
:

NOS. 967-2001; 147, 1148, 1151-2005

H. KNAFELC, J.                                        December 13, 2016

## OPINION & ORDER

Petitioner, Anthony Tusweet Smith, filed a fourth Post-Conviction Relief Act petition, in which he alleges that the conduct of the Pennsylvania Attorney General improperly influenced her Office's failure to disclose records to Petitioner. The untimeliness of the petition precludes this Court's evaluation of the merits, and this opinion and order shall serve as notice of this Court's intent to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 907(1).

### I.    Procedural History

The relevant procedural history of Petitioner's case is as follows. On March 5, 2002, following a jury trial, the Defendant was convicted of aggravated assault and criminal attempt to commit homicide. On April 17, 2002, the Defendant was

Page 1 of 7

sentenced to 120 to 240 months of incarceration. The judgment of sentence was affirmed by the Superior Court of Pennsylvania on February 3, 2004. The Defendant filed a timely petition for allowance of appeal to the Supreme Court of Pennsylvania, which was denied on July 1, 2004. The Defendant did not seek review by the Supreme Court of the United States.

The Defendant filed his first, counseled, PCRA petition on September 20, 2005. Following a hearing, the PCRA was denied on November 5, 2007, and the Defendant did not appeal. The Defendant filed a second, *pro se* PCRA petition on June 3, 2008. The petition was dismissed on September 22, 2008. He filed a third PCRA petition on August 28, 2013. His third PCRA petition was found to be untimely, and the Court therefore denied the petition. The Superior Court affirmed the order denying the petition. A Petition for Allowance of Appeal filed with the Pennsylvania Supreme Court was denied on December 30, 2014. Defendant filed his fourth PCRA petition on November 23, 2015. Defendant's fourth PCRA petition was dismissed by order of this Court on February 2, 2016. Defendant timely appealed the order dismissing his fourth PCRA; however, the Superior Court affirmed the order of the PCRA court on September 12, 2016.

Defendant's fifth PCRA petition is now under review. That petition was filed on October 24, 2016, and substantially alleges the same matters as his previous PCRA petitions.

## II. Jurisdiction

A threshold inquiry in reviewing a PCRA petition is whether the reviewing court has jurisdiction to rule on the merits of the Petitioner's claims. The postconviction court only has jurisdiction overly timely PCRA petitions. If a petition is untimely, the postconviction court has no jurisdiction to address substantive claims. *Commonwealth v. Lewis*, 63 A.3d 1274, 1280–81 (Pa. Super. Ct. 2013) ("if a PCRA petition, neither [the Superior Court] nor the [PCRA] court has jurisdiction over the petition").

A reviewing court's jurisdiction is defined explicitly by statute. The Post-Conviction Relief Act provides that any petition, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final, unless an exception applies. 42 Pa. C.S.A. § 9545(b)(1). Unless the petitioner can show that his or her petition is timely, the Court lacks jurisdiction to address the petition's merits. *Commonwealth v. Cintora*, 69 A.3d 759, 762 (Pa. Super. Ct. 2013).

A petition is timely in two situations: The first is where the petition is filed within one year of the date that the judgment became final. A judgment becomes final for purposes of PCRA review at the conclusion of direct review, including discretionary review of the Supreme Court of the United States and the Supreme

Court of Pennsylvania, or at the expiration of time for seeking the review. 42 Pa. Cons. Stat. § 9545(b)(3).

The second is where the Petitioner can plead and prove that one of the statutory exceptions to the one-year time bar is applicable. *Commonwealth v. Jones*, 54 A.3d 14, 16–17 (Pa. 2012). The Act lists three exceptions to the one-year rule. An otherwise untimely petition may nevertheless be considered if the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence;
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section has been held by that court to apply retroactively.

42 Pa. C.S.A. § 9545(b)(1)(i)-(iii); *see also Commonwealth v. Fahy*, 737 A.2d 214, 218 (Pa. 1999). Any petition invoking one of these exceptions must be filed within 60 days of the date the claim could have been presented. 42 Pa. C.S.A. § 9545(b)(2).

It is clear that the petition *sub judice* does not comport with these requirements. The Petitioner's judgment became final on or about September 29,

2004, ninety-one days after his Petition for Allows of Appeal was denied by the Supreme Court of Pennsylvania and he declined to seek review by the Supreme Court of the United States. *See* U.S. Sup. Ct. R. 13(1) ("a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment"). Petitioner therefore had until September 29, 2005, to file a timely PCRA petition.

The Defendant therefore must show that he qualifies under the statute's exceptions. The Defendant has failed to plead and prove any of these statutory exceptions. Defendant's instant petition is substantially the same as his fourth petition, the dismissal of which was upheld by the Superior Court in its order of September 12, 2016, wherein the Superior Court found Defendant ". . . failed to demonstrate that he has discovered any fact related to his conviction or sentence."[1] Given the identical nature of the claims in Defendant's fourth and fifth petitions, this Court finds that the issues presented in Defendant's instant petition have been previously litigated and found to be without merit.

Therefore, having found that this Court lacks jurisdiction to grant Petitioner's request for relief, this Court is satisfied that there are no genuine issues concerning any material fact and the Petitioner is not entitled to post-conviction

---

[1] *Com v. Smith*, No. 322 WDA 2016, p. 7 (Sept. 12, 2016).

collateral relief, Pa. R. Crim. P. 907(1). The Court thus issues notice of its intent to dismiss the petition. Pursuant to Pennsylvania Rule of Criminal Procedure 907(1), the defendant may respond to this proposed dismissal within 20 days of this notice. An order is attached in compliance with Pennsylvania Rule of Criminal Procedure 907(4).

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY

PENNSYLVANIA

CRIMINAL DIVISION—LAW

COMMONWEALTH OF
PENNSYLVANIA        :

       :

       :

vs.        :      NOS. 967-2001; 147,
       :      1148, 1151-2005

       :

ANTHONY TUSWEET SMITH        :

H. KNAFELC, J.        February 10, 2017

## OPINION & ORDER

The Defendant, Anthony Tusweet Smith, filed his fifth Petition for Relief under the Post-Conviction Relief Act on October 24, 2016. On December 13, 2016 pursuant to Pa.R.Crim.Pro. 907(1), the Defendant was provided Notice of the Court's intent to dismiss his Petition for Relief under the Post-Conviction Relief Act without further proceedings as the Petition was untimely. On January 3, 2017 the Defendant filed a timely written objection to the Court's intent to dismiss without a hearing.

### Opinion

For the reasons set forth in the Court's October 24, 2016 Notice, the Defendant's judgment of sentence became final on or about September 29, 2004 and the present PCRA Petition is therefore patently untimely.

The Defendant may proceed with an otherwise untimely Petition only if he alleges and proves:

"(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the

1

Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."

42 Pa.C.S.A. §9545(b)(1).

The Defendant avers that this untimely Petition is permitted under 42 Pa.C.S.A. §9545(b)(1)(i) and §9545(b)(1)(ii) in that:

(1) The Commonwealth presented at trial an inaccurate stipulation as to the chain of custody regarding a glove, residue, and a firearm; and

(2) The Defendant is actually innocent of this offense.

The Court finds that these alleged exceptions to the PCRA's time limitations are inapplicable. First, the alleged inaccurate stipulation presented by the Commonwealth is not government interference that prevented the Defendant from presenting this claim in a timely PCRA Petition, as required by 42 Pa.C.S.A. §9545(b)(1)(i); the Defendant has merely rephrased a substantive allegation of error and/or trial counsel ineffectiveness. Second, pursuant to 42 Pa.C.S.A. §9545(b)(2), "[a]ny petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." The Defendant's allegations are based upon trial transcripts and Pennsylvania State Police ("PSP") property records that have existed for many years—*not* upon the PSP denial of subpoena of September 28, 2016—and therefore the Defendant has failed to raise these matters within 60 days of when they could have been presented. Finally, the *Comment* to Pa.R.Crim.Pro. 907 provides "Second or subsequent petitions will not be entertained unless a strong *prima facie* showing is offered to

2

demonstrate that a miscarriage of justice may have occurred.... This standard is met if the petitioner can demonstrate ... that the petitioner is innocent of the crimes charged." However, this does not negate the requirement that a Petition be timely filed. See 42 Pa.C.S.A. §9545(b)(1)("Any petition under this subchapter, **including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final....**)(emphasis added).

WHEREFORE, the Court finds that the Defendant's Petition for Relief under the Post-Conviction Relief Act is untimely and that the Defendant has failed to prove a statutory exception to the PCRA's time limitations. The Court therefore enters the following Order:

3